IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 06-cv-00222-PSF-MJW

LISA WEBB,

    Plaintiff,

v.

TRANSCONTINENTAL INSURANCE COMPANY, a New York corporation

    Defendant.

## ORDER ON MOTION TO REMAND

This matter is before the Court on Plaintiff's Motion to Remand (Dkt. # 7), filed on March 6, 2006. Plaintiff Lisa Webb contests the propriety of the Notice of Removal (Dkt. # 1) filed on February 8, 2006 by Defendant Transcontinental Insurance Company ("TIC") and requests that the Court remand this action back to Denver County District Court. Ms. Webb maintains that removal of the case, essentially asserting bad faith by her deceased husband's employer's workers compensation insurance, is proscribed by 28 U.S.C § 1445(c). On March 17, 2006, TIC filed its response to plaintiff's motion (Dkt. # 11), opposing remand. No reply has been filed.

## I.  BACKGROUND

Ms. Webb, a Colorado resident, filed the underlying action in Denver County District Court, asserting claims of insurance bad faith and breach of the covenants of good faith and fair dealing. Plaintiff claims she has been receiving workers compensation death benefits arising out of the work-related death of her common-law husband, who was, at

the time of his death, an employee of a company insured by defendant. Pl.'s Compl., ¶¶ 1-3.

Ms. Webb's claims of bad faith are founded primarily on two allegations. First, after providing defendant with written notice of a change in her address, she contends that defendant deliberately continued to mail compensation checks to her previous address. *Id.* at ¶ 7. Ms. Webb also alleges that defendant is bound by a statutory duty, embodied in C.R.S. § 10-3-1104(1)(h)(VI), to settle her claim for death benefits, and that defendant has made no attempt to do so. *Id.* at ¶¶ 6, 10. Defendant TIC filed an answer on February 8, 2006 (Dkt. # 3), denying all of the averments in the complaint and asserting a number of affirmative defenses.

According to TIC, a New York corporation, this case is removable pursuant to 28 U.S.C. § 1441(a) based on federal diversity jurisdiction. Ms. Webb does not dispute that the basic requirements of diversity of citizenship and amount in controversy are satisfied here. Nor does she dispute the timeliness of the removal. However, she contends that he case is an action "arising under the workmen's compensation laws" of Colorado and that 28 U.S.C. § 1445(c) bars removal of such actions.

**II. ANALYSIS**

Under § 1445(c), "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." Whether a cause of action arises under state workers' compensation laws for § 1445(c) purposes is a question of federal law. *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir. 1997). The Tenth Circuit has not ruled on the question whether an insurance bad faith claim is nonremovable because it arises under state workers'

2

compensation laws. The Fifth Circuit has addressed the issue, holding that "claims for breach of the duty of good faith and fair dealing do not 'arise under' the state workers' compensation statutes but are, at most, 'related to' those statutes and thus do not come within the ambit of the non-removability provision of § 1445(c)." *Patin v. Allied Signal, Inc.*, 77 F.3d 782, 789 (5th Cir. 1996).

The Tenth Circuit has considered the application of § 1445(c) in the context of a claim for retaliatory discharge, however. *See Suder*, 116 F.3d at 1352. The *Suder* court held that a claim for retaliatory discharge arises under Oklahoma's workers' compensation laws and is thus nonremovable under § 1445(c). *Id.* Section 5 of the Oklahoma Workers' Compensation Act forbids an employer to discharge an employee in response to certain good-faith actions taken by the employee. OKLA. STAT. tit. 85, § 5 (2005). Significant to the Tenth Circuit's decision was the statutory genesis of the cause of action for retaliatory discharge in Oklahoma. *See id.* The court distinguished a Seventh Circuit case on the basis that the applicable Illinois law of retaliatory discharge had a common law rather than a statutory genesis. *Id.*

A survey of decisions under § 1445(c) reveals removal decisions consistently determined along similar lines. *See Rundle v. Frontier-Kemper Constructors, Inc.*, 170 F. Supp. 2d 1075, 1079 (D. Colo. 2001) (noting that removability generally appears to depend "on whether the cause of action has been codified in the state's workers' compensation statute"). Where a cause of action is codified in a state's workers' compensation statute, the claim is generally held to "arise under" the state's workers' compensation laws for § 1445(c) purposes. *See e.g. Reed v. Heil Co.*, 206 F.3d 1055, 1060 (11th Cir. 2000) (retaliatory discharge claim arose under Alabama workers'

compensation laws where proscription of retaliatory discharges codified); *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1246 (8th Cir. 1995) ("where a state legislature enacts a provision within its workers' compensation laws and creates a specific right of action, a civil action brought to enforce that right of action is, by definition, a civil action arising under the workers' compensation laws and therefore § 1445(c) applies").

On the other hand, § 1445(c) will not bar removal of a judicially-created cause of action. *See e.g. Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 204 (6th Cir. 2004) (retaliatory discharge claim did not arise under Michigan's workers' compensation laws because cause of action derived from common law, noting that statutory scheme lacks a remedy for such prohibited conduct); *Patin*, 77 F.3d at 789 (claims for breach of the duty of good faith and fair dealing are related to but do not arise under Texas workers' compensation act because they are based on a common law cause of action); *Rubio v. McAnally Enterprises, L.L.C.*, 374 F. Supp. 2d 1052, 1053 (D.N.M. 2005) (retaliatory discharge claim did not arise under the New Mexico Workers' Compensation Act, finding, *inter alia*, "the New Mexico Act does not create a civil remedy for retaliatory discharge"). Therefore, this Court shall determine the source of the cause of action for bad faith breach of an insurance contract in Colorado.

Although plaintiff cites *Travelers Ins. Co. v. Savio*, 706 P.2d 1258 (Colo. 1985) (*see* Pl.'s Mot. at 3) in support of her position, the Court reads that case to support defendant's position–that insurance bad faith is not a cause of action created by the Colorado workers' compensation statute. "The Act contains no provision indicating that claims against an employer or insurer for bad faith in handling a claim for compensation or treatment are covered by its provisions . . . ." *Savio*, 706 P.2d at 1264; *see also*

4

*Vaughan v. McMinn*, 945 P.2d 404, 407 (Colo. 1997) (citing *Savio* for the proposition "that the Act is primarily directed to compensation for employment-related injuries and death, and that injuries from the mishandling of a claim do not arise out of and in the course of employment"). Moreover, a decision in this district very recently denied a motion to remand a nearly identical insurance bad faith claim on the grounds that "such a claim was originally recognized as a common law tort in 1984 . . . ." *Nunn v. St. Paul Travelers*, 2006 WL 827403 *2 (D. Colo., Mar. 28, 2006) (citing *Decker v. Browning-Ferris Indus. of Colo.*, 931 P.2d 436, 445-46 & n.8 (Colo. 1997)). In *Nunn*, Judge Miller held that a claim for insurance bad faith arises not under Colorado's workers' compensation statute but under Colorado common law and other areas of Colorado statutory law. *Id.*

Here, the cause of action for bad faith breach of an insurance contract in Colorado is not created by the Workmen's Compensation Act of Colorado. Therefore, it does not "arise under" the Act and removal is not barred by § 1445(c). Removal here is thus proper under 28 U.S.C. § 1332 based upon diversity jurisdiction.

## III. CONCLUSION

For the foregoing reasons, the Plaintiff's Motion for Remand is DENIED.

DATED:   May 22, 2006

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge